# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3841 | **DATE** | 10/31/2003 |
| **CASE TITLE** | GAYLER COBBS vs. MICHAEL F. SHEAHAN, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant Cook County's motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | **Document Number** |
| | Notices mailed by judge's staff. | | NOV 03 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | 03 OCT 31 PM 3:10 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GAYLER COBBS,                )
                             )
         Plaintiff,          )
                             )
    vs.                      )   No. 03 C 3841
                             )
MICHAEL F. SHEAHAN, etc., et al., )
                             )
         Defendants.         )

DOCKETED
NOV 3 2003

MEMORANDUM OPINION AND ORDER

Plaintiff brought this action alleging that defendants discriminated against her for over eight years because of her refusal to contribute or raise money on behalf of defendant Citizens for Sheahan. Defendant Cook County filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) arguing that plaintiff failed to state a claim against it. That motion is denied.

In deciding a Rule 12(b)(6) motion to dismiss we must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986).

The county argues that it cannot be held accountable for the alleged conduct of the sheriff and his deputies because the sheriff is an independently-elected officer and answers

only to the electorate, not the county. *See* Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir. 1989), *cert. denied*, 495 U.S. 929 (1990). The county claims that plaintiff's complaint fails to state a claim because it attempts to impose such vicarious liability.

In Illinois, the county is a necessary party in any suit seeking damages against an independently-elected county officer such as the sheriff. Carver v. Sheriff of LaSalle County, 324 F.3d 947, 948 (7th Cir. 2003), *citing*, Carver v. Sheriff of LaSalle County, 787 N.E.2d 127, 141, 272 Ill. Dec. 312, 203 Ill.2d 497 (Ill. 2003). Because state law requires the county to pay if a plaintiff is successful in such a suit, the county must be named as a defendant so that it may veto potential settlements proposed at its expense. *Id.* Even though defendant county is correct in asserting that plaintiff fails to state the correct legal theory against it, it must remain a party to this action. *See* Ellsworth, 774 F.2d at 184. The county's obligation to pay requires, of course, a determination of liability by the sheriff, and the claims against him remain the subject of his motion to dismiss. That motion has not been decided.

## CONCLUSION

For the foregoing reasons, defendant Cook County's motion to dismiss is denied.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 31, 2003.