Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3841 | DATE | 10/31/2003 |
| CASE TITLE | GAYLER COBBS vs. MICHAEL F. SHEAHAN, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The petition for appointment of the special state's attorneys is granted retroactive to the date that the conflict prevented the state's attorney's office from representing the defendant.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV - 7 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | IS docketing deputy initials | 23 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GAYLER COBBS,  )
 )
        Plaintiff,  )
 )
vs.  )  No. 03 C 3841
 )
MICHAEL F. SHEAHAN, etc., et al.,  )
 )
        Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this action alleging that defendants discriminated against her for over eight years because of her refusal to contribute or raise money on behalf of defendant Citizens for Sheahan. Defendant Michael Sheahan, in his official capacity as sheriff of Cook County, filed a petition for appointment of special state's attorneys. For the following reasons, the petition is granted.

Illinois law allows us to appoint a special state's attorney when the state's attorney is "interested in any cause or proceeding." 55 ILCS 5/3-9008; McCall v. Devine, 267 Ill. Dec. 602, 334 Ill. App. 3d 192, 777 N.E.2d 405 (1st Dist. 2002) (purpose of statute is to prevent influence upon the discharge of duties by reason of personal interest). Circuit Court Judge Nowicki found that an actual conflict of interest exists, which would prevent the state's attorney from adequately defending the interests of the defendants. Such an appointment is therefore proper.

In challenging the petition plaintiff cites to Micnerski v. Sheahan, No. 02 C 7025 (N.D. Ill. June 13, 2003), in which Judge Grady denied a similar petition, finding that an "off-hand



statement" about a potential conflict of interest was not enough to give rise to the granting of a petition. Here, however, the state court has reviewed the facts and determined that an actual conflict exists. The state's attorney's office has no objection to the appointment. We find no reason to deny the petition and effectively deny the defendants adequate representation.

## CONCLUSION

For the foregoing reasons, the petition for appointment of the special state's attorneys is granted retroactive to the date that the conflict prevented the state's attorney's office from representing the defendant.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 31, 2003.