# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3841 | DATE | 4/14/2004 |
| CASE TITLE | GAYLER COBBS vs. MICHAEL F. SHEAHAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  Enter Memorandum Opinion And Order. Defendants' motion to dismiss is denied. Status hearing is set for May 18, 2004 at 9:15 a.m. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| ☐ | No notices required, advised in open court. | | | **Document Number** |
| ☐ | No notices required. | | number of notices | |
| ☐ | Notices mailed by judge's staff. | | | |
| ☐ | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | 15 | 36 |
| ☐ | Mail AO 450 form. | | docketing deputy initials | |
| ☐ | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GAYLER COBBS,)
)
Plaintiff,)
)
vs.) No. 03 C 3841
)
MICHAEL F. SHEAHAN, in his official)
capacity as Sheriff of Cook County, Illinois,)
et al.,)
)
Defendants.)

## MEMORANDUM OPINION AND ORDER

Plaintiff Gayler Cobbs brought this action against the defendants alleging that they unlawfully retaliated against her by demoting her because she refused to donate money to defendant Michael Sheahan's reelection campaign and also because she is a black female. Defendants filed a motion to dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff fails to state a claim for relief. For the following reasons, defendants' motion is denied.

## BACKGROUND

Plaintiff has been employed by the sheriff's department of Cook County since 1985. On July 11, 2001, she was allegedly demoted from her position as the assistant director of the boot camp program to the position of sergeant in the Department of Corrections. Defendant Sheahan serves in the elected position of Sheriff of Cook County and defendants Patrick Durkin, Thomas Dourdy and James Ryan are employees of the sheriff's department. Citizens for Michael Sheahan is a private political campaign committee established pursuant to Illinois law on behalf of Sheahan.

Plaintiff claims that defendants, together with other individuals, conspired to improperly collect donations for Sheahan's reelection efforts. She alleges that employees of the department were forced to contribute to the campaign and that those who refused were disciplined or demoted. Specifically, plaintiff points to a series of conversations in early 2001, when defendants Durkin and Dourdy allegedly handed her tickets to a fundraiser on behalf of Sheahan and asked her to sell them. When she refused, Dourdy allegedly questioned her loyalty and told her that the refusal would not look good on her record. She was demoted shortly after these events. Plaintiff also claims that another employee, Denis Micnerski, protested defendants' request for donations and was eventually demoted, even though he gave $500 to the campaign.

Alternatively, plaintiff claims that defendants had no proper reasons to demote her and that their action was motivated entirely by her race and her gender.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986).

Plaintiff's complaint consists of five counts. In count I, she alleges violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c). In count II, she alleges violations of her First Amendment right pursuant to 42 U.S.C. § 1983. In count

III, she claims violations of her equal protection rights under section 1983, based on her gender. In count IV, she alleges violations of these rights based on her race. In count V, she alleges violations of her right to contract under 42 U.S.C. § 1981.

Count I – RICO

To state a claim under section 1962(c), plaintiff must allege conduct of an enterprise through a pattern of racketeering activity. Goren v. New Vision Intern., Inc., 156 F.3d 721, 727 (7th Cir. 1998). It is not enough for plaintiff to simply allege these elements in boilerplate language; the complaint must contain sufficient facts supporting each element. *Id.*

To satisfy the conduct element, plaintiff must allege facts showing that each defendant played a role in the operation or management of the enterprise. Reves v. Ernst & Young, 507 U.S. 170, 179 (1993). As we read plaintiff's complaint, she alleges that each defendant played an active role in the solicitation of funds and helped to develop the plan. She therefore satisfies the first element of her RICO claim.

She also alleges the existence of an "association in fact" enterprise. RICO requires that such an enterprise be more than just a group of individuals who decide to commit racketeering; it must have "goals separate from the predicate acts themselves." United States v. Masters, 924 F.2d 1362, 1367 (7th Cir. 1991); Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000) (while it may be informal, there must be some type of organizational structure).

In Stachon, the plaintiffs allege that the United Consumers Club (UCC) and five of its officers and/or directors conspired to fraudulently represent to potential members that the UCC had access to first quality merchandise at special prices. 229 F.3d at 674. The plaintiffs claim that they relied on these misrepresentations when joining the UCC. *Id.* In affirming the dismissal of plaintiffs' RICO claim, the Seventh Circuit determined that plaintiffs failed to

allege that the acts were the work of an organization separate from the UCC. *Id.* at 676. At most, the complaint established that there was a pattern of misrepresentation by a group of defendants. *Id.*

While the overall structure of the organization as alleged by plaintiff is similar to that in <u>Stachon</u>, she alleges that an association existed that had goals separate from the sheriff's office itself. If proven, an enterprise was created when the sheriff's department and Sheahan's re-election efforts essentially merged. Plaintiff claims that these two groups formed an association in fact when it, through the individual defendants, extorted money from plaintiff and other employees in furtherance of its goal of re-electing Sheahan.

The final element that plaintiff must allege is a pattern of racketeering activity. This requires, at a minimum, two predicate acts. <u>Slaney v. The Intern. Amateur Athletic Federation</u>, 244 F.3d 580, 598-99 (7th Cir. 2001). 18 U.S.C. § 1961 sets forth various forms of criminal activity that may satisfy this requirement. If alleging fraudulent acts in furtherance of the scheme, a plaintiff must plead specific facts so as to satisfy Rule 9(b). <u>Slaney</u>, 244 F.3d at 599.

Defendant is correct that plaintiff fails to sufficiently allege fraud by the enterprise. While she does point to a few specific demands for money by defendants, she does not allege any specific misrepresentations upon which she or other department employees relied. The mere demand for money (in plaintiff's case, an unsuccessful demand) does not amount to fraud. *See* <u>Micnerski v. Sheahan</u>, 2003 WL 22159025, *2 (N.D. Ill.) (case arising from nearly identical facts and involving the same defendants as this action).

Another predicate act listed in section 1961 is a violation of 18 U.S.C. § 1951, which defines extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence or fear, or under color of official right."

RICO also encompasses extortion as defined by state law if that crime is punishable by more than one year in prison. 18 U.S.C. § 1961. The issue here is whether the alleged demand for a political contribution in return for a patronage job constitutes extortion. We believe that it does.

There is no question that plaintiff here properly alleges that defendants obtained and attempted to obtain property. *See* Scheidler v. National Organization of Women, 537 U.S. 393, 400-08, 123 S.Ct. 1057 (2003) (holding that women who attempted to stop abortions by protesting outside of a clinic did not commit extortion in violation of RICO because they did neither pursued nor received anything of value). Because defendants allegedly asked for valuable property (namely, money), the only question is whether they did so under the color of right.

A defendant commits extortion when he promises services in exchange for money, or threatens to withhold services if such a payment is not made. United States v. Balzano, 916 F.2d 1273, 1285 (7th Cir. 1990). The harm threatened by a defendant may be entirely economic in nature. United States v. Nedza, 880 F.2d 896, 902 (7th Cir. 1989). When a plaintiff seeks to show extortion by a defendant in connection with seeking campaign contributions, she must allege an explicit *quid pro quo* – a threat or promise accompanying the demand for funds. McCormick v. United States, 500 U.S. 257, 273 (1991).

In United States v. Farley, 2 F.3d 645, 648-49 (6th Cir. 1993), the defendants allegedly solicited campaign contributions in exchange for honorary deputy sheriff commissions. The court held that the commissions, though of debatable value, constituted an improper *quid pro quo* and the exchanges therefore constituted extortion. *See also* United States v. Dozier, 672 F.2d 531, 540 (5th Cir. 1982) ("any public officer who makes performance (or nonperformance) of an official act contingent upon payment of a fee – whether or not the fee actually is paid or

the act actually performed – is guilty of extortion 'under the color of right'").

We read plaintiff's complaint as alleging that defendants explicitly conditioned employment decisions within the office on campaign contributions. Moreover, she alleges that defendants engaged in this conduct over a period of many years, and solicited money from several employees of the department. The goal of this alleged scheme was to raise substantial money and secure the re-election of Michael Sheahan. While the "services" allegedly promised or withheld by defendants differ from those in Farley, we believe that federal law prohibits public officials from using their substantial hiring and firing power over departmental employees to secure political contributions from those employees.

Count II – First Amendment Retaliation

To state a claim for retaliation based on speech, plaintiff must allege that she was engaged in constitutionally-protected speech and that defendants retaliated against her because of that speech. Caldwell v. City of Elwood, 959 F.2d 670, 672 (7th Cir. 1992). Notwithstanding defendants' contentions to the contrary, there is no heightened pleading requirement for such a claim, and Rule 8 applies. Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002). Defendants argue that plaintiff's claim fails because she does not plead facts showing that the speech was of public concern and because she does not allege a causal connection between the speech and the demotion.

These arguments raise detailed factual questions and are therefore better suited for a summary judgment motion. Plaintiff alleges that she was demoted when she refused to donate to the political campaign and refused to sell tickets on behalf of the sheriff's reelection efforts. Such a dispute goes beyond the realm of her employment and rises to a level of public concern. *See* Gustafson v. Jones, 117 F.3d 1015, 1019 (7th Cir. 1997). The complaint also alleges sufficient facts to allow an inference that this refusal to donate was the motivating factor in

plaintiff's demotion. Forcing her to plead "magic words" is entirely unnecessary. She will, of course, need to prove such a causal connection in order to prevail on this claim. *See id.* at 1018-19.

## Counts III & IV – Gender/Race Discrimination

To state a claim for violation of equal protection rights under section 1983, plaintiff must allege that the defendants were acting under the color of state law and that their conduct violated her established rights as protected by the Constitution. Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 471 (7th Cir. 1997). Such a claim may be brought only against those responsible for the deprivation of rights. *See* Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff may not rely on the doctrine of *respondeat superior*, but must instead allege personal involvement by each defendant in the wrongdoing. *Id. citing* Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). Supervisory liability may be alleged if a defendant, with knowledge of a subordinate's conduct, approves of the conduct and the basis for it. Lanigan, 110 F.3d at 477. Alternatively, a plaintiff may plead that the injuries were the result of an official governmental policy or custom. Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 734 (7th Cir. 1994) (unrelated section of the case superceded by Indiana statute), *citing* Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978).

Again, defendants' arguments that plaintiff fails to allege requisite personal involvement are better left for the summary judgment stage. While plaintiff will bear a heavy burden in proving that defendants were motivated by her race or gender when demoting her, she alleges a violation of her rights. At the very least, she alleges that each defendant knew of the improper conduct and condoned it. Stagman v. Ryan, 176 F.3d 986, 999 (7th Cir. 1999). She also claims that each of the defendants had some policymaking authority and that the

behavior of the defendants represented an improper departmental custom pursuant to Monell. *See* Baxter, 26 F.3d at 735. This is sufficient to successfully state a claim for relief.

Count V – Section 1981 Contractual Rights

Finally, we reject defendants' argument that plaintiff fails to allege the existence of a valid contractual right. Section 1981 prohibits discrimination in a contractual relationship, both during and after its formation. Walker v. Abbott Laboratories, 340 F.3d 471, 478 (7th Cir. 2003). This protection applies equally to at-will employees such as plaintiff. *Id.* Plaintiff alleges that she was treated differently by her employers and eventually demoted because of her race, thereby stating a claim under section 1981.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

April 14, 2004