IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GAYLER COBBS,                                )
                                             )
            Plaintiff,                       )
                                             )
     vs.                                     )   No. 03 C 3841
                                             )
MICHAEL SHEAHAN, in his official             )
capacity as Sheriff of Cook County,          )
Illinois, et al.,                            )
                                             )
            Defendants.                      )

## MEMORANDUM OPINION AND ORDER

Plaintiff Gayler Cobbs brought this action against defendants alleging that they unlawfully retaliated against her when she refused to support defendant Michael Sheahan's reelection campaign for Cook County Sheriff, in violation of her First Amendment rights and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68. She has brought this action on behalf of a class of allegedly similarly situated individuals. Defendant Citizens for Michael F. Sheahan (Citizens) seeks to dismiss plaintiff's action under Fed. R. Civ. P. 12(b)(6), arguing that plaintiff fails to state a claim for relief. For the following reasons, Citizens' motion is denied.

Under Rule 12(b)(6) a claim is dismissed only if it appears beyond a doubt that there exist no facts to support the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All factual allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996); Questions of fact cannot be resolved at this stage. Marks v. CDW Computer Centers., 122 F.3d 363, 367 (7th Cir.1997); Walker v. National Recovery, Inc., 200 F.3d 500,

503 (7th Cir. 1999).

The factual background has been set forth in prior orders addressing defendants' previous Rule 12(b)(6) motions,[1] and need not be repeated here at length. Citizens argues that the complaint must be dismissed because it fails to "establish a pattern of racketeering activity" pursuant to section 1961(5), fails to state a cause of action under section 1961(4), and fails to "allege a judicial exception to federal court interference when an adequate remedy is available in state court." Citizens also claims that plaintiff had a managerial position and cannot therefore assert her First Amendment claim, which, according to Citizens, also destroys her class allegations. We address these arguments in turn.

A pattern of racketeering activity requires, at a minimum, two predicate acts. Slaney v. The Intern Amateur Athletic Federation, 244 F.3d 580, 598-99 (7th Cir. 2001). Section 1961(1) sets forth criminal activity that meets the predicate act requirement. Plaintiff alleges that defendants have violated 18 U.S.C. § 1951 (see First Amended Complaint (FAC), ¶¶ 38-45). The court has previously held that "plaintiff adequately alleged a pattern of racketeering activity based on the defendants' conditioning of employment decisions on political campaign contributions." Cobbs, 319 F. Supp. at 870-71; Cobbs, 385 F. Supp. 2d at 738. We also noted that the class allegations support plaintiff's contention of a pattern of racketeering activity. Cobbs, 385 F. Supp. 2d at 738. Plaintiff has alleged that defendants accomplished their scheme through interstate travel and mail, which sufficiently alleges interstate activity.

Citizens also argues that plaintiff fails to state a claim under 720 ILCS 5/33-3.2(c), which, according to it, provides:

---

[1] See Cobbs v. Sheahan, 319 F. Supp. 2d 865, 868-69 (N.D. Ill. 2004); Cobbs v. Sheahan, 385 F. Supp. 2d 731, 733-34 (N.D. Ill. 2005).

> A public officer or employee commits misconduct when, in his official capacity, he, with the intent to obtain a personal advantage for himself or another, performs an act in excess of his lawful authority.

(def. mem. at 6). Citizens then asserts that it "is neither a public office or official, nor an employee" (*id.* at 7). Regardless of Citizens' representation, 720 ILCS 5/33-3.2(c) actually provides:

> An employee of a chief executive officer of a local government, including one who does not have regulatory authority, commits a violation of this Section if that employee knowingly acts in concert with an employee of a chief executive officer of a local government who does have regulatory authority to solicit or receive contributions in violation of this Section.

Moreover, section 5/33-3.2(b) defines an "employee of a chief executive officer of a local government" in broad terms that, at this stage, are sufficient to encompass Citizens. Citizens' motion to dismiss marks the third challenge to the pattern of racketeering element in plaintiff's RICO action, and there is still no reason to find that element lacking.

Citizens further argues that plaintiff has failed to state a cause of action against it under section 1961(4), which sets forth the "enterprise" element of a RICO action. The court, having previously determined that plaintiff has satisfied this element, will not revisit that conclusion. *See* Cobbs, 319 F. Supp. at 869-70.

Citizens next contends that plaintiff has failed "to allege a judicial exception to federal court interference when an adequate remedy is available in state court" and cites Younger v. Harris, 401 U.S. 37, 43 (1971) (def. mem. at 8). Citizens' reliance on Younger is completely misplaced. Under Younger, federal courts must abstain from enjoining ongoing state proceedings. *See* Green v. Benden, 281 F.3d 661, 666 (7th Cir. 2002) ("The Younger abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate

opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate."). There is no claim that a concurrent proceeding in state court even exists. Plaintiff has established jurisdiction under 28 U.S.C. § 1343 (and also 42 U.S.C. § 1983), and need not allege any "exception to federal court interference."

Next, Citizens argues that plaintiff is a manager and thus cannot allege a First Amendment claim. The reasons for this argument escape the court. The complaint explicitly states that the First Amendment claim is brought against "All Defendants, except Citizens for Sheahan" (FAC at 35). In its reply, Citizens persists with this argument even after plaintiff specifically stated that she has "not asserted such a claim against Defendant Citizens" (plf. mem. at 9). Citizens' arguments fail for yet another reason, in that plaintiff's capacity, authority and responsibilities are issues unfit for resolution on a motion to dismiss.

## CONCLUSION

For the foregoing reasons, Citizens' motion to dismiss is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 26, 2005.